FILED

2020 MAR 05 09:42 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-05646-4 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AGATA DROZDZ, an individual, and TEAKRE VEST, an individual | No. |
| Plaintiffs, | **CLASS ACTION** |
| v. | COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT |
| UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA CASUALTY INSURANCE COMPANY, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs Agata Drozdz and Teakre Vest, individually and on behalf of all members of the Class of similarly situated insureds, allege the following complaint and causes of action against Defendants USAA and USAA Casualty Insurance Company ("Defendants" or "USAA").

## II.    PARTIES

1.    Plaintiff Agata Drozdz is a Washington resident.  Ms. Drozdz was injured in an automobile accident occurring on January 10, 2017 in Seattle, Washington. Ms. Drozdz resides in Federal Way, Washington.

2.    Plaintiff Teakre Vest is a former Washington resident.  Ms. Vest was injured in an automobile accident occurring on December 14, 2014 in Seattle, Washington.  Ms. Vest currently resides in San Diego, California.

CLASS ACTION COMPLAINT - 1

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3.      Defendants United Services Automobile Association and USAA Casualty Insurance Company are foreign insurance companies that are licensed to do business in Washington and did business in Washington and King County during the time period at issue.  As used herein, "USAA" refers to the Defendant corporations, United Services Automobile Association and USAA Casualty Insurance Company.  USAA has sold and/or underwritten automobile insurance policies in Washington that provided Personal Injury Protection ("PIP") coverage requiring the payment of "all reasonable and necessary" medical expenses incurred by a covered person arising from a covered accident within the meaning of the PIP statute, RCW 48.22.

### III.      JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to RCW 2.08.010 and RCW 4.28.185.

5.      During the time period at issue, USAA did and continues to do substantial business within King County, Washington.

6.      Pursuant to RCW 4.12.025 and RCW 4.12.020, venue is proper in the King County Superior Court.

### IV.      FACTUAL ALLEGATIONS

**A.      Plaintiff Drozdz's individual factual allegations**

7.      On January 10, 2017, Plaintiff Drozdz was traveling on S Seattle Boulevard and stopped at a red light. A vehicle traveling to the right of Plaintiff Drozdz collided with Plaintiff Drozdz's rear passenger side when it unlawfully entered Plaintiff Drozdz's lane of travel.

8.      Plaintiff suffered injuries as a result of the accident.

9.      At the time, Ms. Drozdz was insured by USAA through an automobile policy that contained PIP coverage.

CLASS ACTION COMPLAINT - 2

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10.     The PIP coverage required payment of reasonable and necessary medical expenses.

11.     Under the PIP statute, PIP coverage requires payment of "all reasonable and necessary" medical expenses.  *See* RCW 48.22.005(7).

12.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

13.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are prohibited from misrepresenting facts relating to coverage and payment on a PIP claim.

14.     Under insurance regulations, WAC 284-30-395, insurers are prohibited from denying, limiting, or terminating an insureds' medical expense unless the insurer has determined that the expenses are not reasonable, are not necessary, are not related to the accident, or are not incurred within three years of the automobile accident.

15.     Plaintiff Drozdz sought and received medical treatment for her injuries.

16.     The medical treatment Ms. Drozdz received was causally related to her injuries.

17.     The medical treatment Ms. Drozdz received was reasonable and necessary.

18.     As a result of receiving medical treatment and services for her injuries, Ms. Drozdz incurred medical expenses.

19.     USAA directs its insureds to have their providers bill USAA for treatment and/or directed the insureds' providers to bill USAA directly rather than the patient or insured billing USAA.

20.     Ms. Drozdz's providers submitted bills for medical expenses incurred by her to USAA.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

21.     USAA refused to pay the medical expense bills in full submitted by Ms. Drozdz's providers.

22.     USAA refused to pay the medical expense bills in full even though the bills submitted were reasonable and necessary medical expenses.

23.     USAA refused to pay the medical bills in full even though Ms. Drozdz had benefits under her policy that had not been exhausted at the time the bills were submitted.

24.     USAA refused to pay the medical bills before making a determination regarding the reasonableness of the bills and/or necessity of treatment.

25.     For instance, on bills sent to USAA by Ms. Drozdz's providers, USAA sent those providers an Explanation of Reimbursement ("EOR").

26.     The EOR identified the service provider's name and billing address, the billing provider's name and billing address, the patient, the date of service, the CPT number for the treatment service billed, a description of the treatment service, the units of treatment being billed, the billed amount, and the "REIM AMOUNT" for the reimbursement amount."

27.     On some EORs, the computer system put "0" in the REIM AMOUNT on the draft EOR based on a "PR" or "DOC" reason code for certain lines on the bill reflecting specific CPT treatment procedures being billed.  The USAA adjuster assigned to the claim created a final EOR that had "0" in the REIM AMOUNT column for bill lines containing PR or DOC reason codes and then sent the provider an amount that was less than the total amount billed on all bill lines for all treatment procedures because it excluded any payment for the bill lines with the PR or DOC reason code.

28.     USAA effectively denied payment of the provider's bill for those specific treatment procedures by putting "0" in the REIM AMOUNT column on the EOR and

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  sending the provider a reduced payment that excluded any payment for those

2  treatment procedures.

3      29.    On the EOR, a "PR" reason code is defined in the notes section of the

4  EOR to mean that the "documentation" submitted did not substantiate the necessity of

5  the treatment.  For example, the EORs refusing to pay Ms. Drozdz's medical treatment

6  providers in full stated that the "documentation does not substantiate the medical

7  necessity of the physical therapy provided."

8      30.    These EORs contain a "PR" reason code, for instance PR49 and/or

9  PR 172.

10     31.    On other EORs where USAA refused to pay Ms. Drozdz's medical

11  treatment providers in full, the EORs state that "documentation is needed to support

12  the medical necessity for continued care or treatment."

13     32.    These EORs contain a "DOC" reason code, for instance DOC55.

14     33.    However, the statements made on the EORs containing "PR" and "DOC"

15  reason codes are false and are not statements reflecting any decision or determination

16  that the treatment itself was unnecessary.

17     34.    In fact, USAA made the decision to deny paying the bill prior to evaluating

18  the bill for whether the provider's fee was reasonable for his/her treatment services and

19  prior to determining that the treatment was not necessary.

20     35.    For example, prior to denying the bill, USAA did not know or investigate

21  the identity, background, credentials experience, or any other personal characteristic of

22  the provider treating Ms. Drozdz or those of others in the area to determine if the

23  amount billed was reasonable.

24     36.    Prior to denying the bill, USAA did not contact or communicate with the

25  provider to discuss Ms. Drozdz's treatment.

26

27

CLASS ACTION COMPLAINT - 5

37.     Prior to denying the bill, USAA did not contact or communicate with the provider regarding whether additional information was necessary to evaluate the bill.

38.     Prior to denying the bill, USAA did not contact or communicate with the provider to identify specific information that was necessary to evaluate the bill.

39.     Prior to denying the bill, USAA did not contact or communicate with its insured regarding whether additional information was necessary to evaluate the bill.

40.     Prior to denying the bill, USAA did not contact or communicate with its insured to identify specific information that was necessary to evaluate the bill.

41.     Prior to denying payment, USAA did not conduct any examination of the patient.

42.     In denying payment on these bills, USAA relied on a computer program that automatically flags certain bills for denial.

43.     These flags include arbitrarily and automatically denying bills, for instance, where there is a 90-day gap in treatment, more than 90 days have elapsed since the accident, or when the insured has exceeded 13 treatments for certain CPT procedures.

44.     These limitations are not found in the PIP statute.

45.     USAA refused to pay these bills even though Ms. Drozdz's providers determined that the treatments were reasonable and necessary.

46.     USAA did not make a determination regarding the reasonableness of the bills or the medical necessity of treatment before denying them.

47.     USAA failed to inform insureds and providers in advance whether medical treatments were covered, leaving its insureds in the position of not knowing if the treatment is covered or how much will be paid.

48.     USAA's practices proximately caused Ms. Drozdz to sustain injury and economic damages.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**B.     Plaintiff Teakre Vest's individual factual allegations**

49.     On December 14, 2014, Plaintiff Vest was traveling northbound on I-5 near downtown Seattle. Plaintiff Vest was a front seat passenger in her vehicle being driven by USAA insured, Andrew J. Searles. Plaintiff Vest's vehicle was rear-ended at a high rate of speed when the vehicle traveling behind her failed to stop for slowing traffic.

50.     Plaintiff suffered serious, permanent injuries as a result of the accident.

51.     At the time, Ms. Vest was insured by USAA through an automobile policy that contained PIP coverage.

52.     The PIP coverage required payment of reasonable and necessary medical expenses.

53.     Under the PIP statute, PIP coverage requires payment of "all reasonable and necessary" medical expenses.   *See* RCW 48.22.005(7).

54.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

55.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are prohibited from misrepresenting facts relating to coverage and payment on a PIP claim.

56.     Under insurance regulations, WAC 284-30-395, insurers are prohibited from denying, limiting, or terminating an insureds' medical expense unless the insurer has determined that the expenses are not reasonable, are not necessary, are not related to the accident, or are not incurred within three years of the automobile accident.

57.     Plaintiff Vest sought and received medical treatment for her injuries.

58.     The medical treatment Ms. Vest received was causally related to her injuries.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

59.     The medical treatment Ms. Vest received was reasonable and necessary.

60.     As a result of receiving medical treatment and services for her injuries, Ms. Vest incurred medical expenses.

61.     USAA directs its insureds to have their providers bill USAA for treatment and/or directed the insureds' providers to bill USAA directly rather than the patient or insured billing USAA.

62.     Ms. Vest's providers submitted bills for medical expenses incurred by her to USAA.

63.     USAA refused to pay the medical expense bills in full submitted by Ms. Vest's providers.

64.     USAA refused to pay the medical expense bills in full even though the bills submitted were reasonable and necessary medical expenses.

65.     USAA refused to pay the medical bills in full even though Ms. Vest had benefits under her policy that had not been exhausted at the time the bills were submitted.

66.     USAA refused to pay the medical bills before making a determination regarding the reasonableness of the bills and/or necessity of treatment.

67.     For instance, on bills sent to USAA by Ms. Vest's providers, USAA sent those providers an Explanation of Reimbursement ("EOR").

68.     The EOR identified the service provider's name and billing address, the billing provider's name and billing address, the patient, the date of service, the CPT number for the treatment service billed, a description of the treatment service, the units of treatment being billed, the billed amount, and the "REIM AMOUNT" for the reimbursement amount."

69.     On some EORs, the computer system put "0" in the REIM AMOUNT on the draft EOR based on a "PR" or "SR" reason code for certain lines on the bill

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

reflecting specific CPT treatment procedures being billed.  The USAA adjuster assigned to the claim created a final EOR that had a "0" in the REIM AMOUNT column for bill lines containing PR or DOC reason codes and then sent the provider an amount that was less than the total amount billed on all bill lines for all treatment procedures because it excluded any payment for the bill lines with the DOC or PR reason codes.

70.    USAA effectively denied payment of the provider's bill for those specific treatment procedures by putting "0" in the REIM AMOUNT column on the EOR and sending the provider a reduced payment that excluded any payment for those treatment procedures.

71.    On the EOR, a "PR" reason code is defined in the notes section of the EOR to mean that the "documentation" submitted did not substantiate the necessity of the treatment.  For example, the EORs refusing to pay Ms. Vest's medical treatment providers in full stated that the "documentation does not substantiate the medical necessity of the physical therapy provided" or that the "documentation does not substantiate that the treatment provided is medically necessary and/or related to the loss."

72.    On the EOR, a "SR" reason code is defined in the notes section of the EOR to mean that a prior review of the documentation submitted did not substantiate the need for the treatment.  For example, the EORs refusing to pay Ms. Vest's medical treatment providers in full stated that the "documentation did not substantiate the need for the neuromuscular reduction therapy."

73.    These EORs contain a "PR" reason code, for instance PR 48, and/or PR 49, and/or PR 172, or a "SR" reason code, for instance SR08.

74.    However, the statements made on the EORs containing "PR" and "SR" reason codes are false and are not statements reflecting any decision or determination that the treatment itself was unnecessary.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

75.    In fact, USAA made the decision to deny paying the bill prior to evaluating the bill for whether the provider's fee was reasonable for his/her treatment services and prior to determining that the treatment was not necessary.

76.    For example, prior to denying the bill, USA did not know or investigate the identity, background, credentials experience, or any other personal characteristic of the provider treating Ms. Vest or those of others in the area to determine if the amount billed was reasonable.

77.    Prior to denying the bill, USAA did not contact or communicate with the provider to discuss Ms. Vest's treatment.

78.    Prior to denying the bill, USAA did not contact or communicate with the provider regarding whether additional information was necessary to evaluate the bill.

79.    Prior to denying the bill, USAA did not contact or communicate with the provider to identify specific information that was necessary to evaluate the bill.

80.    Prior to denying the bill, USAA did not contact or communicate with its insured regarding whether additional information was necessary to evaluate the bill.

81.    Prior to denying the bill, USAA did not contact or communicate with its insured to identify specific information that was necessary to evaluate the bill.

82.    Prior to denying payment, USAA did not conduct any examination of the patient.

83.    In denying payment on these bills, USAA relied on a computer program that automatically flags certain bills for denial.

84.    These flags include arbitrarily and automatically denying bills, for instance, where there is a 90-day gap in treatment, more than 90 days have elapsed since the accident, or when the insured has exceeded 13 treatments for certain CPT procedures.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

85.     These limitations are not found in the PIP statute.

86.     USAA refused to pay these bills even though Ms. Vest's providers determined that the treatments were reasonable and necessary.

87.     USAA did not make a determination regarding the reasonableness of the bills or the medical necessity of treatment before denying them.

88.     On other EORs where USAA refused to pay Ms. Vest's medical treatment providers in full, the EORs state that "the service provider participates in a PPO network and has agreed to accept as payment in full the reimbursement amount listed in this line for the service listed[.]"

89.     These EORs contain a "PPO" reason code.

90.     USAA made the decision to deny these bills even though USAA does not have a contract with the provider to pay the provider at a PPO rate.

91.     USAA made the decision to deny these bills even though USAA does not independently investigate whether the provider entered into an agreement with any other party to pay the provider at a PPO rate.

92.     In denying payment on these bills, USAA relied on a computer program that automatically flags certain bills for denial.

93.     These flags include arbitrarily and automatically denying bills when a computer program alleges that the provider has agreed to accept a PPO rate.

94.     USAA refused to pay these bills even though Ms. Vest's treatment providers determined that the treatments were reasonable and necessary.

95.     USAA did not make a determination regarding the reasonableness of the bills or the medical necessity of treatment before denying them.

96.     USAA failed to inform insureds and providers in advance whether medical treatments were covered, leaving its insureds in the position of not knowing if the treatment is covered or how much will be paid.

CLASS ACTION COMPLAINT - 11

97.    USAA's practices proximately caused Ms. Vest to sustain injury and economic damages.

### V.    PUTATIVE CLASS ALLEGATIONS

98.    Plaintiff Drozdz and Plaintiff Vest re-allege each and every allegation as set forth in paragraphs 1 through 97.

99.    From at least February 27, 2016 to the present date, more than 1,000 Washington insureds submitted reasonable and necessary medical expense bills for payment under a USAA PIP policy and had their payments automatically denied based on a computer algorithm and the resulting PR, SR, DOC, and PPO reason codes.  The putative Class consists of residents of multiple counties in Washington and is geographically diverse.

100.    The bills submitted for payment to USAA by this putative Class of more than 1,000 Washington insureds and had their payments automatically denied were reasonable and necessary.

101.    The billed amounts were the provider's usual and customary charge for the CPT procedure billed to auto insurers and paid by other auto insurers who did not use the computer program used by USAA.

102.    The billed amounts were also the result of the provider's determination that the treatments provided to the insured were medically necessary.

103.    USAA processed and denied the bills of the putative Class of more than 1,000 Washington insureds using the same common practices and procedures that were applied to bills submitted by Plaintiffs and denied based on an automated computerized review of bills by AIS.

104.    The average denial for each bill line on an EOR averaged less than $100.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

105.    The average individual claim of the putative Class of more than 1,000 insureds for denials based on an automated computerized review of bills is likely to be small and less than $1,000.

106.    Prior to paying insureds' providers less than the full amount billed, USAA had not entered into a contract with the provider to accept less than the provider's usual and customary charge for the services billed other auto insurers.

107.    USAA had not entered into any contract with the provider to accept less than the market rate for the services provided, defined as the amount a willing patient would pay on the open market for the services.

108.    Nor did USAA offer to pay the provider in cash, in full, at the time of service.

109.    USAA did not have a practice of offering to pay providers a reduced 'cash rate' at the time of service.

110.    The amount paid was not based on a fee schedule set by the State of Washington.

111.    When USAA denied payments to providers treating the putative Class of insureds, the USAA claims representative or adjustor assigned to the claim did not independently investigate whether the amount billed was reasonable for the provider to charge for the CPT procedure and did not independently investigate whether the treatment was medically necessary.

112.    Before USAA denied payments to providers treating the putative Class of insureds, no one at USAA made such an investigation.

113.    In denying payment to providers treating the putative Class of more than 1,000 Washington insureds, USAA relied on a PR, DOC, SR, or PPO explanation code.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

114.    USAA's practice of relying on an automated computerized review of bills by AIS is a mere sham used by USAA to avoid its affirmative duty to pay all reasonable and necessary medical expense bills submitted and to conduct a reasonable investigation of the PIP claim before denying full payment.  The practice is a mere sham because USAA systematically, consistently, and repeatedly underpaid or refused to pay providers and resulted in USAA systematically, consistently, and repeatedly failing to make payments of all reasonable and necessary medical expenses under its PIP policy as required by the Washington PIP statute.

115.    USAA's practice of relying on PR, DOC, SR, or PPO explanation codes as the basis for denying payments to providers is always the same.

116.    The total amount in controversy on the claims of the members of the putative Class described in this Complaint is substantially less than $5,000,000.

117.    Plaintiffs are members of the Class of more than 1,000 Washington insureds described above.

**A.    Civil Procedure Rule 23 Allegations**

118.    Plaintiffs bring this action as a Class Action for damages sustained by Plaintiffs and the putative Class of Washington insureds described above pursuant to Rule 23(a) and (b)(3) of the Washington State Superior Court Civil Rules.  Plaintiffs seek to certify the following Class:

> All Washington insureds who from February 27, 2016 to the present date ("Class period") had their PIP claims for reimbursement of medical expenses reduced or denied by Defendant USAA based on an Explanation of Reimbursement ("EOR") form sent to the insured's provider containing a "PR," "SR," "DOC," or "PPO" reason code as the explanation.

119.    CR 23(a)(1): Class certification is proper under CR 23(a)(1) because the members of the putative Class total more than 1,000 insureds and the insureds are

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

geographically dispersed over numerous cities and counties in the State of Washington.

120.    Because of the number of Class members and their geographic dispersion, individual joinder of each putative Class member is not practicable.

121.    CR 23(a)(2): Class certification is proper under CR 23(a)(2) because USAA applied a common practice of denying payments on the bills of all putative Class members of the Class period from September 23, 2015 to the present date.  USAA's practice raises questions of law and fact common to all members of the Class including:

    a. Whether USAA's practice of denying payments to Class member bills was based on an automated computer review to limit payments on Washington PIP claims.

    b. Whether USAA relied on an automated and arbitrary computerized bill review by a third-party, Auto Injury Solutions ("AIS").

    c. Whether the AIS computer program generated an EOR stating that the billed amount would not be paid based on a "PR," "SR," "DOC," or "PPO" reason code.

    d. Whether USAA's practice of having AIS do automated computerized reviews and denials based on "PR," "SR," "DOC," or "PPO" reason codes added on the EOR as an additional term or condition for payment that the billed amount be less than, or the treatment procedure comply with, what is arbitrarily set by the computer program.

    e. Whether it was USAA's practice when denying bills to rely on the "REIM AMOUNT" and reason codes set forth by AIS's computer program in a draft EOR and to not have USAA adjustors or representatives independently investigate if the full amount billed by

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

the provider was reasonable in the provider's specific location or medical market and given the provider's background, experience, and individual characteristics or if the treatment was necessary based on the individual circumstances of the insured.

f. Whether USAA's practice of having AIS's computer program do automated denials of provider bills violated the requirement in the PIP statute, RCW 48.22.005(7), because the practice resulted in USAA systematically, consistently, and repeatedly failing to make payments for all reasonable and necessary medical expenses submitted on a PIP claim.

g. Whether USAA's practice of having AIS's computer program do automated denials of provider bills violated the requirement in WAC §284-30-330 *et seq.* that insurers adopt and implement reasonable procedures for investigating PIP insurance claims before denying full payment to insured's providers because the practice resulted in USAA systematically, consistently, and repeatedly using a procedure that does not determine the reasonableness or necessity of provider fees.

h. Whether USAA's practice of having AIS's computer program do automated denials of provider bills violated the requirement in WAC §284-30-330 *et seq.* that insurers conduct a reasonable investigation of a PIP insurance claim for payment of reasonable and necessary medical expenses before sending an insured's provider a denial because the practice resulted in USAA systematically, consistently, and repeatedly using a procedure that does not determine the reasonableness or necessity of provider fees and resulted in USAA systematically, consistently, and repeatedly failing to make payments

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

for all reasonable and necessary medical expenses submitted on PIP claims.

i. Whether USAA's practice of having AIS's computer program do automated denials of provider bills prior to making a determination about the bill's reasonableness or the treatment's necessity violated the requirement in WAC §284-30-395 *et seq.* prohibiting insurers from denying or limiting insureds' medical expenses prior to making a determination of reasonableness and necessity.

j. Whether USAA's practice of having AIS's computer program do automated denials of provider bills constituted an unfair practice that violates the Consumer Protection Act, Chapter 19.86 RCW.

k. Whether USAA's practice was unfair under the standards adopted by Washington courts, including whether the practice was unfair because there was no benefit to insureds from USAA's practice that substantially outweighed the detriment to them and they could not avoid having their bills reduced.

l. Whether USAA's practices were unfair CPA practices in relation to the applicable Washington law and regulations relating to the payment of PIP insurance claims, including RCW 48.22.005(7), WAC 284-30-330, and WAC 284-30-395.

m. Whether Class members sustained injury to their business caused by USAA's practice in the form of reduced payments, investigative costs, out-of-pocket expenses, loss of the benefit of their premiums, or in some other manner.

CLASS ACTION COMPLAINT - 17

**BRESKIN** | **JOHNSON** | **TOWNSEND** <sup>PLLC</sup>
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

122.   CR 23(a)(3): Class certification is proper under CR 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the putative Class and USAA's defenses to the claims of Plaintiffs are also typical of the defenses to such claims.  The claims and defenses are typical because they arise out of the same common policies and practices which USAA applied to all of the putative Class of more than 1,000 Washington insureds.  The claims arise from the same alleged unfair scheme undertaken by USAA to deprive Washington insureds of full benefits under their PIP policies.

123.   CR 23(a)(4): Class certification under CR 23(a)(4) because Plaintiffs can fairly and adequately represent the interests of the other members of the Class. Plaintiffs have no interests that are antagonistic to the interests of the putative Class. Plaintiff and the Class have the same interest in seeking full payment of all bills that were improperly denied.  Plaintiff retained skilled attorneys who have represented claimants and class members with similar claims to those brought in this lawsuit. Plaintiffs' counsel have been appointed Class counsel in previous cases involving PIP claims and insurers' reliance upon computer programs to deny payments to insureds' providers.

124.   CR 23(b)(3): Class certification is proper under CR 23(b)(3) because the questions of law and fact or common to the Class, as set forth above predominate over any questions affecting only individual members of the Class.  Common questions predominate because USAA undertook a common course of conduct towards all members of the Class of Washington insureds and applied its practices at issue to all bills submitted under its PIP coverage during the Class period.

125.   Class certification is proper under CR 23(b)(3) because a class action is a superior method for adjudicating the claims of the members of the Class more than 1,000 individual actions in numerous cities and counties of Washington that raise the

CLASS ACTION COMPLAINT - 18

identical factual and legal issues concerning USAA's PIP processing and payment practices.

126.    Class certification is a superior method of adjudicating the claims because the individual Class members have little interest in individually controlling the prosecution of their claims.  The average amount of the individual claims in controversy is likely to be less than $1,000.

127.    The Class members are busy individuals who have limited time to devote to the prosecution of their individual claims.

128.    Class certification is a superior method of adjudicating the claims because there is no class litigation already commenced by Washington insureds against USAA raising the identical claims.

129.    Class certification is a superior method of adjudicating the claims because it is desirable to concentrate the litigation and claims in a single forum to avoid duplicity of actions and inconsistent adjudications of identical claims. King County is a desirable forum for litigation of the class claims because it is the County in which most class members are located and where the Defendants' in-state witnesses are likely located.  The cost to the court system of the various counties where class members are located would be substantial if the claims were adjudicated on an individualized basis.

130.    Class certification is a superior method of adjudicating the claims because there are few difficulties likely to be encountered in the adjudication of the Class members' legal claims. The King County Superior Court certified a litigation class that alleged similar claims in prior litigation. The common liability issues were tried to a jury on a class basis and a verdict entered.

131.    Additionally, or alternatively, Plaintiffs bring this action as a Class Action for injunctive and declaratory relief under Rule 23(b)(2) of the Washington State

CLASS ACTION COMPLAINT - 19

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  Superior Court Civil Rules because USAA has acted or refused to act on grounds

2  generally applicable to the proposed class above, thereby making appropriate final

3  injunctive relief or corresponding declaratory relief with respect to the class as a whole.

4      132.   USAA uses the same process to adjust and pay PIP claims for all

5  members of the proposed class.  The process includes the practice of denying,

6  reducing, or delaying payment based on preset flags, criteria, and limitations without

7  conducting an individualized investigation of the reasonableness or necessity of the

8  charged based on available information, including the characteristics of factors specific

9  to the patient, insured, or provider.

10     133.   Pursuant to CR 23(b)(2), Plaintiffs request injunctive and declaratory

11  relief that orders USAA to cease its PIP claims handling practices to bring them into

12  compliance with Washington law and specifically orders USAA to ceases its practices

13  of paying its insureds' providers less than the amount charged by the provider without

14  first doing an individualized investigation and making an individualized determination

15  that either the amount charged is an unreasonable fee for that provider to charge or

16  that the treatment procedure billed was not necessary to improve the patient's

17  condition or to maintain the patient's improved condition from the injuries sustained in a

18  covered accident.

19     134.   Pursuant to CR 23(b)(2), Plaintiffs' claim for monetary relief is incidental

20  to the injunctive and declaratory relief that they seek.  The damages they seek flow

21  directly from liability to the class as a whole on the claims forming the basis of the

22  injunctive and declaratory relief.  Moreover, computing the monetary relief is simple

23  and relies entirely on objective facts, without the need for subjective assessments of

24  the circumstances of each member of the class.  There is no threat of a due process

25  violation because all damages can be objectively determined.  Plaintiffs' request for

26  declaratory and injunctive relief is more than a basis for monetary relief.  The relatively

27

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  modest monetary relief sought by Plaintiffs does not dominate their claims for

2  declaratory and injunctive relief.

3  ## VI.   PLAINTIFFS' INDIVIDUAL CLAIMS

4  ### A.   Violations of the Consumer Protection Act

5  135.   Plaintiff Drozdz and Plaintiff Vest re-allege each and every allegation as

6  set forth in paragraphs 1 through 97.

7  136.   USAA's practice of denying any and all payments to Plaintiffs' providers

8  on medical expenses that were reasonable and necessary violated the requirement in

9  the PIP statute, RCW 48.22.005(7) to make payments of "all" reasonable and

10  necessary medical expenses submitted.

11  137.   USAA's practice of denying any and all payments to Plaintiffs' providers

12  on medical expenses that were reasonable and necessary violated WAC 284-30-330

13  that required USAA to adopt and implement reasonable procedures for investigating

14  PIP insurance claims before refusing to pay them in full.

15  138.   USAA's practice of denying any and all payments to Plaintiffs' providers

16  on medical expenses that were reasonable and necessary violated WAC 284-30-330

17  that required USAA to independently and reasonably investigate a PIP insurance claim

18  before refusing to pay it in full.

19  139.   USAA's practice of having AIS do automated computerized reviews and

20  denials based on USAA using a 90-day gap in treatment, or 90-day elapse from the

21  accident, or 13th visit flag added an additional term or condition for payment that the

22  billed procedure had to be within a 90-day period after the accident or after the last

23  treatment and/or that there had to be less than 13 treatments.

24  140.   USAA's practice of falsely claiming the submitted documentation does

25  not "substantiate" the necessity of the treatment or that "documentation is needed" to

26

27

CLASS ACTION COMPLAINT - 21

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  support the necessity for continued care violates the requirement in WAC 284-30-330

2  to not misrepresent facts relating to coverage and USAA's payment of the PIP claim.

3      141.   USAA's practice of denying payments on PIP bills prior to making a

4  determination that the amount billed was unreasonable or that the treatment was not

5  necessary violates the provision in WAC 284-30-395 prohibiting insurers from denying

6  or limiting insureds' medical expenses prior to making a determination of

7  reasonableness and necessity.

8      142.   USAA's practices occurred in the course of its business and commerce.

9      143.   USAA's practices were part of a generalized course of conduct repeated

10  on thousands of occasions when provider bills were submitted to USAA for payment

11  under its PIP coverage over the pertinent class period.

12      144.   USAAs practice affected the public interest.

13      145.   The business of insurance affects the public interest.

14      146.   As a direct and proximate result of USAA's wrongful conduct, Plaintiffs

15  suffered injury to their property and damages in an amount to be established at trial.

16      147.   The injury and damages sustained by Plaintiffs include, but are not

17  limited to, reduced payments, investigative costs, out-of-pocket expenses, and loss of

18  the full benefit of their premiums, as result of USAA's wrongful conduct.

19                  **VII.   CLASS CLAIMS**

20  **A.   Violation of the Consumer Protection Act**

21      148.   Plaintiff Drozdz and Plaintiff Vest re-allege each and every allegation as

22  set forth in paragraphs 1 through 134.

23      149.   USAA's practice over the Class period of automatically denying payment

24  as set forth in EORs based on reason codes "PR," "SR," "DOC," or "PPO" violated the

25  PIP statute, RCW 48.22.005(7), because the practice resulted in USAA systematically,

26  consistently, and repeatedly failing to make payments for all reasonable and necessary

27

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    medical expenses submitted on a PIP claim.

2         150.    USAA's practice over the Class period of automatically denying payment

3    as set forth in EORs based on reason codes "PR," "SR," "DOC," or "PPO" violated

4    WAC 284-30-330 *et seq.* that required USAA to adopt and implement reasonable

5    procedures for investigating PIP insurance claims before refusing to pay them in full.

6         151.    USAA's practice over the Class period of automatically denying payment

7    as set forth in EORs based on reason codes "PR," "SR," "DOC," or "PPO" violated

8    WAC 284-30-330 *et seq.* that required USAA to independently and reasonably

9    investigate a PIP insurance claim before refusing to pay it in full.

10        152.    USAA's practice over the Class period of automatically denying payment

11   as set forth in EORs based on reason codes "PR," "SR," "DOC," or "PPO" violated

12   WAC 284-30-395 *et seq.* that prohibits insurers from denying or limiting insureds'

13   medical expenses prior to making a determination of reasonableness and necessity.

14        153.    USAA's practice over the Class period of automatically denying payment

15   as set forth in EORs based on reason codes "PR," "SR," "DOC," or "PPO" added an

16   additional term or condition for payment that the billed amount be less than, or the

17   treatment procedure comply with, what is arbitrarily set by the computer.

18        154.    USAA's practice occurred in the course of its business and commerce.

19        155.    USAA's practice was part of a generalized course of conduct repeated on

20   thousands of occasions when provider bills were submitted to USAA for payment under

21   its PIP coverage over the pertinent Class period

22        156.    USAA's practice affected the public interest.

23        157.    The business of insurance affects the public interest.  RCW 48.01.030.

24        158.    USAA's practice occurred in the course of its insurance business and

25   adversely affected more than 1,000 Washington insureds.

26

27

CLASS ACTION COMPLAINT - 23

159.    USAA's practices over the Class period from February 27, 2016 to the present date were unfair and in violation of the Consumer Protection Act, Chapter 19.86 RCW.

160.    There were no benefits to insureds from USAA's practices.  Any benefit to insureds from USAA's practice was substantially outweighed by the detriments to receiving reduced benefits on PIP claims.

161.    USAA's practices were unfair and in violation of the CPA in relationship to the requirements of the PIP statute, WAC 284-30-330, and WAC 284-30-395.

162.    The members of the putative Class of more than 1,000 insureds, including Plaintiffs, sustained injury to their business and property caused by USAA's practice in the form of reduced benefits, investigative costs, out of pocket expenses, and loss of the full benefit of their premiums.

163.    The members of the putative Class of more than 1,000 insureds, including Plaintiffs, sustained damages that were proximately caused by USAA's practices.

164.    USAA is liable to Plaintiffs and the Class for statutory, actual, and treble damages, prejudgment interest, attorney fees, and costs under the CPA, Chapter 19.86 RCW.

165.    Excluded from damages are bills submitted on PIP claims where the policy limits on the claims were exhausted at the time the bill was submitted for payment to USAA.  Damages include bills that were reduced or denied when sufficient policy limits existed on the PIP claim to pay the bill when the bill was submitted to USAA for payment.

**B.    Declaratory Judgment**

166.    Plaintiff Drozdz and Plaintiff Vest re-allege each and every allegation as set forth in paragraphs 1 through 132.

CLASS ACTION COMPLAINT - 24

167.   A justiciable substantial controversy exists between Plaintiffs and USAA over USAA's claims handling practice that results in the refusal to promptly pay reasonable and necessary medical expense payments to insureds' providers on PIP claims without conducting individual investigation as required by the PIP statute, Chapter 48.22 RCW and insurance regulations, WAC 284-30-330 *et seq.*

168.   Plaintiffs have existing and genuine rights or interests concerning the prompt payment of their reasonable and necessary medical expenses by their insurer on PIP claims in Washington.

169.   Plaintiffs' rights or interests in having their reasonable and necessary medical expenses promptly paid are direct and substantial.

170.   A determination of this issue by this Court through entry of a final judgment will resolve and extinguish this controversy regarding the legality of USAA's practice of refusing to promptly pay insureds' reasonable and necessary medical expenses on PIP claims without conducting an individual investigation.

171.   This proceeding is genuinely adversarial in character.

172.   This Court has the power to declare the rights, status, and other legal relations of the parties with respect to these issues pursuant to the Declaratory Judgments Act, RCW 7.24.010 *et seq.*

173.   Pursuant to Chapter 7.24 RCW, Plaintiffs request a declaratory judgment on behalf of themselves and the class they seek to represent declaring that it is unlawful for USAA to refuse to promptly pay insureds' reasonable and necessary medical expenses on PIP claims without conducting an individual investigation.

## VIII.   RELIEF REQUESTED

174.   WHEREFORE, Plaintiffs and the putative class request that a judgment be entered in their favor against Defendants on their Consumer Protection Act claims and that the Court:

CLASS ACTION COMPLAINT - 25

**BRESKIN** | **JOHNSON** | **TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

175.    Certify the case as a Class Action under CR 23(a) and 23(b)(3), or in the alternative, under CR 23(a) and 23(b)(2), on behalf of the alleged putative class of insureds;

176.    Award actual damages to be established at trial as provided by the Consumer Protection Act ("CPA"), Chapter 19.86 RCW *et seq.*;

177.    Award treble damages as provided by the CPA, Chapter 19.86 RCW *et seq.*;

178.    Award Plaintiffs a reasonable class representative fee in an amount approved by the Court and award reasonable attorney's fees and costs as provided by the CPA and class action law in amounts approved by the Court;

179.    An award against defendants awarding actual, consequential, treble, and all other allowable damages pursuant to RCW 48.30.015;

180.    Award Plaintiffs and the Class prejudgment interest at the rate of 12% per annum as provided by the CPA, Chapter 19.86 RCW *et seq.*, or such other rate as provided by law;

181.    Award Plaintiffs and the Class, their reasonable litigation expenses, disbursements, and costs of suit;

182.    Award Plaintiffs and the Class damages sustained as a result of Defendants' breach;

183.    For an order of disgorgement and/or restitution;

184.    Award Plaintiffs and the Class appropriate injunctive and declaratory relief enjoining USAA from continuing its illegal claims handling practices in Washington pursuant to the Declaratory Judgment Act, Chapter 7.24 RCW *et seq.*; and

185.    Equitable relief and such other and further relief as the Court may deem just and proper.

[signature block on next page]

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    DATED: March 5, 2020.

2                                    BRESKIN JOHNSON TOWNSEND, PLLC

3                                    By:___s/Brendan W. Donckers_____
                                        Brendan W. Donckers, WSBA #39406
4                                       Cynthia J. Heidelberg, WSBA #44121
                                        David E. Breskin, WSBA #10607
5                                       1000 Second Avenue, Suite 3670
                                        Seattle, WA 98104
6                                       Tel:  (206) 652-8660
                                        bdonckers@bjtlegal.com
7                                       cheidelberg@bjtlegal.com
                                        dbreskin@bjtlegal.com
8

9                                    WASHINGTON INJURY LAWYERS PLLC

10                                   By:___s/Young-Ji Ham_____
                                        Young-Ji Ham, WSBA #46421
11                                      1001 Fourth Avenue, Suite 3200
                                        Seattle, WA 98154
12                                      Tel:  (425) 312-3057
                                        youngji@washinjurylaw.com
13
                                        *Attorneys for Plaintiff*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT - 27

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660